EBENEZER HOOKER *v.* STATE OF OHIO.

Persons on trial entitled to peremptory challenge of jurors, may challenge for cause, and reserve his peremptory challenge.

ERROR to the court of common pleas of Ross county. Hooker was indicted for horse stealing. On the trial, two bills of exceptions were taken.

The first stated that after the prisoner had pleaded to the indictment, and the jurors called and impaneled, the prisoner moved the court to discharge one of the jurors *for cause;* but the court refused the motion until the prisoner should have made all his *peremptory challenges.*

The second bill of exceptions stated, that upon the trial, it was proved to the jury that the animal stolen by the prisoner was a *gray gelding,* and not a *gray horse,* as charged in the indictment; and thereupon the counsel for the prisoner moved the court to instruct the jury, that the prisoner could not be found guilty if the jury were satisfied that the animal stolen was a *gray gelding,* which instructions the court refused.

349]  *The prisoner was found guilty and sentenced.  The writ of error was taken to reverse this judgment.

MURPHY, for the plaintiff in error :

1. No authority or dictum has been found in support of the opinion of the court below.  On the contrary, the principle seems to be well settled, that if a juryman be challenged for cause, and be pronounced impartial, he may afterward be challenged peremptorily ; for otherwise the very challenge might create a prejudice in his mind against the party challenging.  4 Black. Com. 363; 1 Chitty C. L. 545; 4 Harg. St. Trials, 738–740, 750 ;  Wms. Jus. 189 ; Bac. Ab., Jurors, E. 11 ; Burns' Jus. 4 ; 2 Hawk. P. C. 2, ch. 43, sec. 10 ; 3 Coke Lit. 158.

2. The operative words of the act, on which the indictment rests, are, "if any person shall steal any horse, mare, foal, gelding, filly, ass, or mule, etc."  The court, to support an indictment, can not arbitrarily give to its words and phrases a meaning with which the use, habit, or understanding of mankind would disagree.  Chitty C. L. 196.  Much less can they give a meaning repugnant to the express act of the legislature.

It may be urged that the term " horse " is a *generic* term, and therefore includes a gelding.  If this reasoning be correct, the generic term " horse " will include mare, foal, filly, and, perhaps, ass or mule.  For Johnson defines a horse to be " a neighing quadruped, used in war, draught, and carriage."

This conviction could not be pleaded in bar to an indictment for stealing a gray gelding.  2 Leach, 503.  An indictment for stealing clothes, or wearing apparel, or for stealing twenty ewes and lambs, or twenty ewes and wethers, is bad for uncertainty.  So evidence of stealing shoes will not support an indictment for stealing boots.  Archbold C. L. 22.

So 15 Geo. II., ch. 34, and 14 Geo. II., ch. 6, make it felony to steal any cow, heifer, ox, etc.  If an indictment, under this statute, charges the prisoner with stealing a cow, and the evidence shows it to be a heifer, the variance is fatal.  2 East P. C. 617; Leach 123 ; 1 Camp. 212.

350]  *The same principle is recognized in Archbold C. L. 63; 1 Hale, 513 ; 2 East P. C. 514 ; Leach, 286 ; 3 Camp. 264 ; 1 Holt 595.

There was no argument on the other side.

Hooker *v.* State of Ohio.

By the COURT:

1. In the administration of criminal justice, it is of the first importance to secure an impartial tribunal.  For this reason, the law gives to the party accused the right of challenge.  This right may be exercised indefinitely, upon cause shown, and to a limited extent without cause, or peremptorily.  The question is, whether this right of peremptory challenge may not be reserved, by the party accused, until after he has made all his challenges for cause. Prejudices often exist, for which no cause can be assigned.  The personal appearance of an individual often creates the most unaccountable prejudices.  The mere challenge for cause may provoke resentment, if the reason assigned prove insufficient to set aside the juror.  The trial of a juror, challenged for cause, may excite a prejudice, which does not amount to a legal disqualification, but to the influence of which, the party accused ought not to be compelled to submit.  For these reasons, the law has wisely provided, that the right of the peremptory challenge ought to be held open, for the latest possible period, to wit up to the actual swearing of the jury.  4 Black. Com. 366 ; 4 Har. St. Tr. 738–740, 750 ; Bac. Ab., Jury, E. U. Done, Sig. 329.

2. The objection raised by the second bill of exceptions seems too insignificant to demand a serious consideration.  The term *horse* being a generic name, ought to include every variety of the animal, as diversified by age, sex, occupation, or modification.

The English authorities, however, and which have been recognized in several states of the Union as sound law, are too strong to be resisted and too pointed to be evaded.  It is the duty of the court not to make, but to declare the law.  *Ita lex scripta est*, precludes all inquiry into the reasonableness or propriety of the objection.

Judgment reversed.